IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY E. BEAUCLAIR,

        Plaintiff,

    v.                    CASE NO.  14-3022-SAC

RAY ROBERTS, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by a state prison inmate.[1]  Mr. Beauclair claims that defendants are denying him access to the courts by refusing to provide free photocopies of legal documents.  The court finds that this action is subject to dismissal for failure to state a federal constitutional claim.

## PLAINTIFF'S LITIGATION HISTORY

The court takes judicial notice of the appellate court docket in *State v. Beauclair*, Shawnee Co. Dist.Ct. Case No.

---

[1]  Plaintiff's original complaint was not upon forms (Doc. 1) and was completely superseded by his subsequent complaint (Doc. 7).  The court has considered his subsequent complaint only, which mainly consists of several copies of pages from his original complaint.

99CR4640, which is also Kan.App. Case No. 91999[2] that is referred to by plaintiff herein, and other cases filed by Mr. Beauclair for which written opinions are available.

In 2001, Danny Beauclair pled no contest to one count of rape and one count of aggravated criminal sodomy, each of a child under 14 years of age, in exchange for the state dismissing a second count of rape. *State v. Beauclair*, 130 P.3d 40, 41-42 (Kan. 2006). He was sentenced in 2002, to "concurrent minimum terms of 184 months for the rape charge and 136 months for the aggravated sodomy charge." *Id.* at 43.

In 2003, Mr. Beauclair filed a Motion to Withdraw Plea. The trial court denied the motion, and Beauclair timely appealed. The Kansas Court of Appeals (KCA) reversed in *State v. Beauclair*, 116 P.3d 55 (July 29, 2005). However, the State appealed, and the Kansas Supreme Court (KSC) reversed the KCA and affirmed the trial court's denial of Beauclair's motion to withdraw. *State v. Beauclair*, 130 P.3d 40 (Kan. Mar. 17, 2006). The KSC then remanded in Case No. 91999 to the KCA for consideration of "claims not considered" in the KCA's prior opinion. The KCA considered Beauclair's claims and this time affirmed the lower court's denial of relief. *State v.*

---

[2]    This docket is available on the Clerk of the Kansas Appellate Courts website.

*Beauclair*, 146 P.3d 709, 2006 WL 3409225 (Kan.App. Nov. 22, 2006).  The KSC denied review on March 29, 2007.  *Id.*

Mr. Beauclair challenged his sentence by way of state post-conviction motions.  In 2007, he filed a motion to correct illegal sentence and another motion to withdraw his plea.  Both were summarily denied by the trial court.  See *State v. Beauclair*, 223 P.3d 837 (Kan.App. Feb. 12, 2010).  He timely appealed, the KCA affirmed, and the KSC denied review on June 2, 2010.  *Id.*

In 2007 and 2010, Mr. Beauclair also filed habeas petitions in federal court challenging his state convictions that were unsuccessful.  See e.g., *Beauclair v. Goddard*, 2012 WL 763103 (D.Kan. Mar. 6, 2012), *COA denied*, 530 Fed.Appx. 781 (10th Cir. Mar. 13, 2013).

With respect to civil actions in federal court, Mr. Beauclair has been designated a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).  His third strike was assessed in November 2013.  *Beauclair v. Dowd*, Case No. 13-3169-RDR (D.Kan. Nov. 22, 2013), *aff'd*, App.Case No. 14-3036 (October 23, 2014).  After being notified that he had accumulated his third strike, Mr. Beauclair proceeded to file six new civil actions in this court.  When the Tenth Circuit affirmed the judgment of the district court in *Beauclair v. DowdI,* it imposed an additional

3

strike upon Mr. Beauclair "for his wholly meritless claim in district court and his frivolous appeal." Mr. Beauclair currently has seven civil cases pending in this court alone. In addition, five civil cases previously filed by him in this court have been dismissed.

## ALLEGATIONS AND CLAIMS

In this lawsuit, plaintiff names as defendants Ray Roberts, Secretary of Corrections; and James Heimgartner, Warden, El Dorado Correctional Facility-Oswego (OSC). The factual background alleged by plaintiff for this complaint is difficult to follow and contains far more conclusory than factual allegations. Plaintiff alleges the following facts. On November 5, 2013, more than three years after his state post-conviction proceedings were concluded, he filed a "Motion to Recall Mandate" in App.Case No. 91999. This motion was denied on December 12, 2013. He alleges that he had 30 days from the filing of the denial Order in which to appeal by filing a "Petition for Review" in the KSC per Rule 8.03. However, he did not receive the denial order until 19 days after it was filed on "12-31-2013, in the U.S. Mail." The only subsequent entry on the docket sheet is dated two weeks after the motion was denied: "CERT/REG MAIL RETURNED BY POST OFFICE/Reg Mail Returned-Not at

Address" and "Resent Reg Mail 12/26-Beauclair."  Plaintiff was "forced to send" his one set of "documents" home to his 71-year old mother to have photocopies made to comply with the copy requirements of Kansas Supreme Court Rule 8.03.  On January 24, 2014, his mother mailed the required sets of photocopies to the appellate court by U.S. Mail.  Mr. Beauclair mailed his "Petition for Review" to the KSC on an undisclosed date.  On January 30, 2014, plaintiff received an envelope from the Clerk "returning his Petition for Review stating they could not file the Petition for Review Briefs."  The "Clerk of the Appeals Courts" refused to file his documents because it was "beyond the time limits of Rule 8.03."

Plaintiff claims that he was "not allowed to file his Petition for Review because of defendant(s)' actions and/or inactions" and that defendants violated his rights and caused him actual injury "by refusing to provide photocopies of documents dealing with plaintiff's criminal conviction" by "using IMPP 12-127."  He further claims that he was "unable to file his Petition for Review . . . within the time limits" because he was forced to send it home to have photocopies made, that this delay denied him "access to the court with due process," and that "defendant's delay" was "for the express purpose of destroying" plaintiff's access.  He asserts that

defendants violated his "lst Amendment right to access to the courts and/or to the 14th Amendment right with due process of law."  He also claims that "IMPP 12-127.II.C(1),(2)(a),(b)(3) is unconstitutional as applied in this case."[3]

Plaintiff seeks a declaration that defendants violated his federal constitutional rights, a preliminary and permanent injunction ordering defendants "to provide plaintiff indigent legal photocopies as needed" to comply with court copy requirements, "compensatory damages in the amount of the cost of the action against each defendant," "nominal damages in the maximum amount," and "punitive damages in the amount of $100,00.00 (sic) against each defendant."

## SCREENING

Because Mr. Beauclair is a prisoner suing state officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right

---

[3]   Plaintiff alleges no facts whatsoever in support of his claims of a denial of due process and that IMPP 12-127.II.C(1),(2)(a),(b)(3) is unconstitutional.  These claims will be denied without further discussion unless plaintiff alleges sufficient supporting facts in response to this order.

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Its "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Tenth Circuit Court of Appeals has explained "that, to state a claim

in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## OTHER LEGAL STANDARDS

### *Exhaustion of Administrative Remedies*

"42 U.S.C. § 1997e(a) . . . requires that 'available' administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983." *Brown v. Chandler*, 111 Fed.Appx. 972, 977 (10th Cir. 2004)(citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

### *Personal Participation*

An essential element of a civil rights claim against a person is that individual's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465

F.3d 1210, 1227 (10th Cir. 2006).  Thus, a supervisor's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988)(To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation.).  "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Conclusory allegations of involvement are not sufficient. *Ashcroft*, 556 U.S. at 1948 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  The allegation that an official denied or ignored a grievance is not sufficient to show personal participation in the prior constitutional violation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); see *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

**_Access to the Courts_**

It is well-established that an inmate has a constitutional right of access to the courts.  However, it is equally well-settled that in order "to present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions."  _Peterson v. Shanks,_ 149 F.3d 1140, 1145 (10th Cir. 1998)(citations omitted); _Lewis v. Casey_, 518 U.S. 343, 349 (1996)("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").  An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim.  _Id._ at 351-53.  Furthermore, the Supreme Court plainly held in _Lewis_ that "the injury requirement is not satisfied by just any type of frustrated legal claim." _Id._ at 354.  Rather, the requisite injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement."  _Id._ at 355; see also _Carper v. Deland_, 54 F.3d 613, 617 (10th Cir. 1995)("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas

corpus."). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 356.


## DISCUSSION

Plaintiff brings this action pursuant to § 1983. However, he asserts jurisdiction under several provisions besides 28 U.S.C. § 1343(3). His bald citations to 29 U.S.C. §§ 2283, 2284 and "Fed.R. of Civ.Pro. 60" are not explained. Neither Rule 60 nor the cited sections in Chapter 29 confer jurisdiction in this case, and the latter were repealed in 1998. Plaintiff also asserts that this court has "supplemental jurisdiction" of state law violations and "an unconstitutional statute as applied." However, unless the complaint evinces a federal constitutional violation, this court does not have supplemental jurisdiction over state law claims. State law violations generally fail to present a claim under § 1983.

Having considered all the materials filed by Mr. Beauclair, the court finds that this action is subject to dismissal for reasons that follow.

### *Exhaustion of Administrative Remedies*

The face of the complaint indicates that Mr. Beauclair did not fully and properly exhaust administrative remedies on his denial of access claim prior to filing this lawsuit in federal court.  The exhaustion requirement in § 1997e(a) "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[4]  Plaintiff vaguely alleges that he previously sought relief from administrative officials "dealing with IMPP 12-127 being denied access to the courts."  This vague allegation is not a statement that he exhausted the specific allegations that he was injured by defendants in connection with his attempt to appeal the 2013 denial of his Motion to Recall Mandate, which are an essential element of his denial of access claim.  Plaintiff alleges that he submitted grievance #BB00016749 and a letter to Heimgartner. However, he does not quote or adequately summarize the content of either.  Nor does he indicate that he properly appealed the denial of this grievance.  In addition, he does not reveal the content of any responses or dates showing his efforts were

---

[4]    The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures."  *Little,* 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim. . . . "  *Id.* (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002)).

timely.  His letter to Heimgarner was dated months before his Motion to Recall was denied.

Plaintiff further shows that he failed to exhaust by alleging that KDOC administrative remedies were no longer available to him.  He claims that in 2012 at HCF he "started to be threatened by prison officials and Ray Roberts" and that Roberts fined him $20.00 for filing grievances at the HCF.  He further alleges that Heimgartner sent him a letter at OCF "threatening to also have plaintiff fined" for continuing to file grievances.  Plaintiff's characterization of these warnings as threats and his vague allegations of the mishandling of past grievances are not sufficient to establish that administrative remedies were unavailable for him to seek relief on the specific allegations raised in this complaint.  Likewise, the fact that Mr. Beauclair was occasionally fined does not show that administrative remedies were unavailable on the instant claim.[5] Plaintiff is not alleging that he submitted a grievance on the specific allegations herein that was refused or "chilled" by a

_____

[5]      Plaintiff alleges no facts indicating that prison officials acted in an unreasonable or arbitrary and capricious manner by fining him for a few of the many prior grievances he has submitted.  His own allegations and exhibits in this and his other cases show instead that he was reasonably warned he could be fined for filing duplicative and numerous unwarranted grievances.  Mr. Beauclair is plainly wrong to think that when he disregards regulations and directives by submitting as many and whatever grievances he chooses, prison officials cannot reasonably sanction that abuse to stem the disruption it causes.  No constitutional right is denied by prison staff summarily denying duplicative or baseless grievances.  Plaintiff's allegations that his grievances are not duplicative are nothing more than self-serving conclusory statements.

fine.   Unless Mr. Beauclair shows that he fully and properly exhausted administrative remedies in a timely manner on the specific allegations raised herein prior to filing this action, his complaint will be dismissed as barred by 42 U.S.C. § 1997e(a).   *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(When failure to exhaust is clear from materials filed by a plaintiff, the court may sua sponte require plaintiff to show that he has exhausted.)

### *Personal Participation*

Plaintiff initially describes each defendant as a "supervisory employee under Kansas law" and as acting under a duty to "safeguard inmates const. rights."   However, as noted, the liability of a defendant may not be predicated solely upon a theory of respondeat superior.

Plaintiff's other allegations also fail to show that defendants personally participated in the alleged denial of access.   Plaintiff makes many conclusory statements in his complaint, such as "defendants" violated his rights by repeatedly refusing to provide photocopies "to keep plaintiff from filing actions in court" regarding "his conditions of confinement" and that Roberts and/or Heimgartner acted with deliberate indifference.   However, he fails to allege facts showing that either defendant personally participated in most of

14

the impediments of which he generally complains.  He alleges a little more specifically that defendant Roberts was "put on notice to plaintiff being denied indigent legal photocopies within Grievance No. BB00016749, and how handwriting causes plaintiff pain in his hand, and how nurses told plaintiff to not write with his hand."  He similarly alleges that defendant Heimgartner was "put on notice to plaintiff being denied indigent legal photocopies byway of a letter dated 5/3/2013," and that plaintiff informed Heimgartner of the pain in his hands "when he writes long-hand" and how delays in sending home for photocopies could deny him access.  He also claims that he "had been threatened by the defendants not to file grievances", "threatened with fines if he filed grievances," and "fined $20.00 to date for filing grievances" by Roberts.  Mr. Beauclair fills his complaint with more general claims and conclusions and apparently presents these as support for his denial of access claim.  However, none of these statements is a description of acts by either defendant accompanied by specific dates and locations.[6]  Consequently, they fail to adequately describe a

---

[6]    Plaintiff's additional conclusory statements may be summarized as follows.  He previously filed a motion in the KCA in Case No. 12-107508 seeking waiver of the copy requirements for filing legal documents that was denied.  In 2000, he was diagnosed with "Carpal Tunnel Impingment" in both wrists, and in 1997 he was diagnosed with "Fibromyalgia Pain Syndrome."  In August 2012, he complained at the HCF about pain in his right wrist "from handwriting" and was told by an RN to "not do any writing in order to not cause plaintiff pain."  In November 2012, plaintiff "became indigent under IMPP 12-127.II.C," and as an indigent receives 15 sheets of lined paper and 4

federal constitutional violation on the part of either defendant from whom damages are sought.

Plaintiff also fails to allege personal participation by defendants in the single incident that allegedly caused the requisite injury.  He does not describe any act on the part of either defendant that was taken in connection with his attempt to appeal the 2013 denial of his motion to recall.  He does not adequately explain how general impediments of which he complains establish that either defendant was directly responsible for assisting plaintiff in obtaining photocopies for that appeal, or refused to act at the time, or otherwise directly caused the delay in plaintiff's submission of the necessary legal papers. The state appellate court's docket reflects to the contrary that the first 19 days of "delay" resulted from the denial order having been mailed to an address where plaintiff was not found. Plaintiff does not even adequately allege the content and number of papers he was required to submit in order to effectively appeal and recite the content of the rule under which nothing less sufficed.  Nor does he describe any effort on his part at

---

free, one-ounce envelopes per month.  He has repeatedly been denied "indigent legal copies" for his criminal conviction and/or for his conditions of confinement in 2012, 2013 and 2014 by defendants because he has an outstanding debt of $60.00 for legal copies; he has offered to pay off his outstanding debt and for his legal photocopies from the "over $600.00" in his "KDOC Forced Savings Account" but "defendants have refused to apply that money to pay for the legal copies."  These statements mainly evince plaintiff's disgruntlement with difficulties he has brought upon himself by abusing prison grievance and judicial processes.

the prison to either prepare the necessary papers[7] or enlist assistance from the appropriate staff member. He also fails to provide or summarize any communications between him and the state appellate court or show that he had sought leave to proceed as a pauper. In addition, plaintiff does not show that his decision to send papers out to his 71-year old mother with either 11 or no days remaining in the limitation period,[8] was "forced" by either defendant.

### Claim of Denial of Access

Mr. Beauclair's claim of denial of access is also subject to dismissal because he fails to allege facts establishing the essential element of actual-injury to a non-frivolous legal claim. He apparently offers his litany of general complaints to suggest a sort of "systemic" impediment to his access to the courts. Justice Souter suggested in *Lewis* that the actual-

---

[7]    Plaintiff alleges that handwriting causes pain in his hand, but does not show that he would have been required to write a burdensome amount or that his only alternative was handwriting. He has filed numerous typewritten pleadings and motions in this court, and does not explain why he could not have typewritten a notice of appeal, a brief, or copies of either in this instance. In any event, plaintiff's abusive filings in prison and this court demonstrate that he has not rationally limited the number of papers he has submitted. His having to write papers by hand because he used up his photocopying privileges, like minor restrictions he attempts to blame for his difficulties in producing more legal papers, have obviously resulted from his own lack of control rather than unconstitutional acts of either defendant.

[8]    In another of Beauclair's pending actions, he sues two appellate court clerks based on this same incident (Case No. 14-3023) and alleges that "my arguments were not presented" for rehearing by the KCA "because of the actions of the Defendants" in that case. Therein, he indicates that he had 14 days in which to file a motion for rehearing.

injury requirement be waived in cases "involving substantial, systemic deprivation of access to court," but the Supreme Court expressly rejected this suggestion. *Id.,* at n.4.   Thus, plaintiff's general complaints, no matter how abundant, fail to state a denial of access claim without a showing of prejudice in the form of actual injury

To show prejudice and meet the actual-injury requirement, plaintiff describes in some detail the single incident involving his attempt to appeal the denial of his Motion to Recall Mandate.[9]   However, the details he provides also indicate other causes for this untimely mailing.   First, as noted, it appears from the docket that the lack of an accurate address caused a delay of 19 days.   Second, by his own admission, Mr. Beauclair sent no appeal papers or motion to the Court of Appeals until after the jurisdictional time limit had expired.   Finally, he does not allege that he was directed by defendants to send the appeal papers out to his mother for photocopying.

Furthermore, plaintiff's general claim of denial of court access is plainly refuted by his litigation history in the state and federal courts.   His own allegations and exhibits in his federal cases indicate that he has likewise abused the prison grievance process.   A prison inmate has no constitutional right

---

[9]     Plaintiff filed 2 proper Petitions for Review in Case No. 91999 after his claims were rejected by the KCA on direct and collateral appeal, which were denied years earlier.

to file repetitive or unfounded lawsuits or grievances. Prison officials are not constitutionally required to provide an inmate with all the writing materials, postage, or photocopying that he desires or demands, at taxpayer expense. Mr. Beauclair does not allege facts showing that his needs for these privileges and materials are greater than those of all other indigent prisoners. Nor does he show that he has used his monthly allotment of writing materials or photocopying privileges in a responsible manner. His litigation habits in this court have not shown reasonable restraint. For one example, after this court has supplied and ordered his use of forms for his federal complaints he has resubmitted his original complaint on extra sheets of attached papers. In sum, Mr. Beauclair does not allege facts establishing either that he has used his limited resources to submit only non-frivolous grievances and lawsuits or that any restriction upon his grievance filing, free photocopying, or free writing and mailing materials was arbitrary and capricious or other than well-founded.

Finally, the court finds that even if plaintiff had alleged facts showing that defendants caused his appeal to be untimely, his denial of access claim is subject to dismissal because he utterly fails to show that his Motion to Recall Mandate amounted

to a non-frivolous legal claim.   The reasoning of the United
States Supreme Court in *Lewis v. Casey* is instructive*:*

> Not everyone who can point to some "concrete" act and
> is "adverse" can call in the courts to examine the
> propriety of executive action, but only someone who
> has been actually injured.   Depriving someone of an
> arguable (though not yet established) claim inflicts
> actual injury because it deprives him of something of
> value—arguable claims are settled, bought, and sold.
> Depriving someone of a frivolous claim, on the other
> hand, deprives him of nothing at all, except perhaps
> the punishment of Federal Rule of Civil Procedure 11
> sanctions.

*Id. at 353, n. 3.*   In his complaint, Mr. Beauclair does not
reveal the grounds or legal theories presented in his Motion to
Recall Mandate.[10]   The procedural history of his state criminal
case discloses that he fully exhausted all available state court
remedies on his challenges to his state conviction and sentence,
and that he eventually submitted filings found to be successive.
Mr. Beauclair's motion to recall two of the KCA's years-old
mandates on which the KSC had already denied review, is nothing
more than his misguided attempt to raise new or rehash rejected
challenges to his conviction through means other than a proper
state post-conviction motion.   Neither plaintiff's Motion to

---

[10]   It appears from plaintiff's filing in another of his pending civil
cases that the claims in his Motion to Recall Mandate were substantially ones
already rejected in his state appeals and/or on federal habeas corpus.   See
Case No. 14-3023, plaintiff's Declaration (Doc. 6) at 10-11.   Furthermore,
these challenges would surely have been time-barred.   He makes no showing
that a Motion to Recall Mandate was the proper procedure to attempt to raise
new claims, if any.

Recall Mandate nor the appeal he claims was denied is shown to have amounted to a non-frivolous claim.

### *Claims for Relief*

The sparse facts alleged by plaintiff do not support his claims for relief.  He seeks an overbroad injunction requiring defendants to supply "indigent legal photocopies as needed" to comply with court copy requirements.  As noted, in this case alone he has not shown what filings were actually required by the state appellate court, that he has used his limited resources to file non-frivolous pleadings only, or that his court access necessitates more photocopies or other "indigent" materials and privileges than those provided to all indigent inmates.  He certainly has not established that he is entitled to a blanket order for defendants to supply photocopies in the future "as needed" for court requirements.

Plaintiff seeks "compensatory damages in the amount of the cost of the action against each defendant."  To the extent that this is a claim for "compensatory damages, it is barred by 42 U.S.C. § 1997e(e)[11] for the reason that plaintiff has alleged no physical injury.  Plaintiff's request for "nominal damages in

---

[11]   42 U.S.C. § 1997e(e) in pertinent part provides:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

the maximum amount" suggests his misunderstanding of nominal damages, which are generally in the amount of $1.00.  See e.g., *Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005)("One dollar is recognized as an appropriate value for nominal damages."). In any event plaintiff's allegations do not evince the violation of a federal constitutional right and thus state no basis for nominal damages.  Plaintiff seeks "punitive damages in the amount of $100,00.00 (sic) against each defendant."  However, he presents no plausible basis for a claim of punitive damages in any amount because he alleges no facts whatsoever establishing that either defendant acted with a sufficiently culpable state of mind.


**FILING FEE**

The fees for filing a civil rights complaint in federal court total $400.00.  Plaintiff initially submitted an Application for Leave to Proceed without Prepayment of Fees (Doc. 2).  Upon consideration of that motion, the court found from federal court records that plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted."  As a result, the court held that Mr. Beauclair was

not allowed to bring this action without prepayment of the full filing fee of $400.00 because he had not shown in his motion that he "is under imminent danger of serious physical injury." *Id.* Instead of paying the filing fee or objecting to any of the findings of the court, plaintiff filed a Motion to Alter or Amend Judgment in which he argued that § 1915(g) is unconstitutional. The court denied this motion, and plaintiff failed to submit the filing fee as ordered. Mr. Beauclair is not relieved of the obligation to pay the filing fee for this action. The court assesses the filing fee of $350.00 and requires that Mr. Beauclair pay the fee in full through payments automatically deducted from his institutional account pursuant to 28 U.S.C. § 1915(b)(2).


## ORDERS TO PLAINTIFF

Mr. Beauclair is ordered to show cause why his complaint should not be dismissed for failure to state a claim for relief for the reasons stated herein. Plaintiff is warned that his failure to file a timely response may result in this action being dismissed without further notice. Mr. Beauclair is reminded that this is not a final judgment, and no motion for relief from judgment would be appropriate.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is reconsidered and granted. Plaintiff is hereby assessed the filing fee of $350.00 to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). The Finance Office of the Facility where plaintiff is currently incarcerated is directed by copy of this Order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, and to the court's finance office.

24

**IT IS SO ORDERED.**

Dated this 14th day of January of 2015, at Topeka, Kansas.

**s/Sam A. Crow**
**U.S. Senior District Judge**